UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT W. SCHOFIELD,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 13-cv-5228-JRC

ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter is before the Court on plaintiff's motion to supplement the record (*see* ECF No. 15). Defendant has filed a response (see ECF No. 17).

After considering and reviewing the record, the Court concludes that plaintiff's motion shall be denied.

Plaintiff moves the Court to supplement the record, seeking the addition of the following documents:

1. June 27, 2012 correspondence by plaintiff's counsel to the Tacoma district office;
2. Fee agreement dated June 22, 2012;
3. Identifying Information for Possible Direct Payment of Authorized Fees, SSA-1695;
4. Authorization to Disclose Information to the SSA, SSA-827;
5. SSA Consent for Release of Information, SSA-3288;
6. Letter to the Appeals Council dated June 29, 2012 (with enclosures);
7. Fax of December 12, 2012 to the Appeals Council (with enclosures); and
8. Fax of January 14, 2013 to the Appeals Council (with enclosures).

(*see* Motion, pp. 2-3, and attached Exhibits).

Defendant responds that this Court's jurisdiction is limited to reviewing the pleadings and the transcript of record (*see* Response, ECF No. 17, pp. 1-2 (*citing* 42 U.S.C. § 405(g), sentence four)).

Although plaintiff may contend that this evidence should have been made part of the record, defendant argues that this new evidence may be added to the record now, only following a sentence six remand subsequent to a showing of materiality and a showing of good cause for the failure to incorporate such evidence into the record in a prior proceeding (*see id.*, p. 2 (*citing* 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993))). Defendant also contends that such new evidence only is material if it may change the outcome and bears directly on the matter before the Court (*see id.* (*citing Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001)).

ORDER DENYING PLAINTIFF'S MOTION TO
SUPPLEMENT THE RECORD - 2

Defendant contends that plaintiff has not demonstrated that the new evidence is material, and contends that this new evidence is not relevant to any of plaintiff's arguments presented to this Court on appeal of the ALJ's written decision. Defendant also contends that this new evidence is mentioned only in the procedural history section of his Opening Brief (*see* ECF No. 15).

Finally, defendant contends that even if the new evidence established a procedural error on the part of the Appeals Council, no harm has been established that is relevant to the outcome of the case (*see* Response, ECF No. 17, p. 3).

Because of the persuasiveness of defendant's arguments, and controlling 9th Circuit authority regarding this subject, as noted above, the Court hereby **DENIES** plaintiff's motion to supplement the record.

Dated this 16th day of September, 2013.

J. Richard Creatura
United States Magistrate Judge